## CROWLEY et al. *v.* PARISH OF CONCORDIA.

Where, under an ordinance of the police jury, an inspector of roads and levées of the parish adjudicates to a party the construction of a levée for a certain sum, and the adjudication contains no stipulation that the contractor shall look to the land, or to its owner, for payment, and it is not shown that such was the understanding of the parties, the parish will be bound for the price of its construction. C. C. 1952.

APPEAL from the District Court of Concordia, *Farrar*, J. *Frost*, for the plaintiffs. *Stacy* and *Sparrow*, for the appellants. The judgment of the court was pronounced by

ROST, J. The plaintiffs claim from the parish of Concordia the sum of $433, for this: that under an ordinance of the police jury, one of the inspectors of the roads and levées of that parish adjudicated to them the construction of a levée for this sum, and that the work was executed according to contract, and received by the inspector. The defendants resist the claim, and allege that, if they are bound at all, the plaintiffs have no recourse against them, until the remedies which the law and the ordinances of the police jury give them against the land on which the levée was constructed, and against the owner thereof, are exhausted. There was judgment for the plaintiffs, and the defendants appealed.

The terms of the adjudication are, that the plaintiffs, being the lowest bidders, became the contractors to make the levée at the rate of $2 62½ per rod, and that the sum due them should be ascertained and computed by measurment, when the levée was finished and completed. This adjudication was made by the proper parish officer. It contains no stipulation that the plaintiffs should look to the land, or to its owner, for the payment; and nothing in the record shows this to have been the understanding of the parties. The adjudication, as it stands, can be viewed in no other light than as a contract between the plaintiffs and the police jury, to make the levée for the stipulated price. If the mode of payment was to be peculiar, the plaintiffs ought to have been informed of it, and it should have been inserted in the contract. Things left doubtful in agreements are always interpreted against him who has contracted the obligation. C. C. art. 1952.

It is in evidence, that the land has since been sold for taxes, and that the owner resides out of the parish. Nothing short of an express agreement, would justify us in subjecting the plaintiffs to the harassing litigation which the other remedies would entail upon them.

*Judgment affirmed.*